MACKAY TELEGRAPH & CABLE COMPANY *v.* CITY OF LITTLE ROCK.

Opinion delivered November 5, 1917.

1. MUNICIPAL CORPORATIONS—LICENSE FEE—POLES OF TELEGRAPH COMPANY ON RAILWAY RIGHT-OF-WAY.—A city may levy a reasonable tax upon the poles of a telegraph company, located upon the right-of-way of a railroad company within the corporate limits of the city.

2. MUNICIPAL CORPORATIONS—CHANGE OF BOUNDARIES—OPERATION OF CONTRACT OR ORDINANCE.—A city ordinance or a city contract designed for a city at large operates throughout its boundaries, whatever their change.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Marshall & Coffman,* for appellant.

1. The findings and judgment are contrary to the law of the case. Appellant is liable to the tax or fee on its poles on the streets and highways of the city, but is not liable for those on the right-of-way of the Rock Island Railway Company, under either the franchise ordinance or the general ordinances of the city. Such a tax was not contemplated by the franchise ordinance. The city has no such power; it can only tax or license poles on the streets of the city. 26 Pa. Sup. Ct. 346; 12 Dec. Dig. 1331; 70 Ark. 549; 72 *Id.* 556; 121 *Id.* 606; 23 Hun. 277; 11 Phila. 327; 12 Atl. 144; 15 Pa. Co. Ct. 518; 36 Cent. Dig. 1951; 7 Del. Co. Rep. 395; 9 Pa. Sup. Ct. Rep. 615; 14 Dec. Dig. 1730; 79 Am. Dec. 444.

All cities have power to regulate streets, and if the power to tax poles arises from the power to regulate streets, the tax is confined to streets. Dillon, Mun. Corp., § 691; 107 N. Y. 593; Crosswell on Electricity, Ch. 6; 195 U. S. 540.

The poles on private property are not nuisances and do not interfere with the rights of others, justifying police regulation. 78 L. R. A. 230; 28 Cyc. 735; 66 L. R. A. 587, and note; 18 *Id.* 367.

The railroad right-of-way is not a street and the poles thereon are not subject to tax. 18 L. R. A. 367; 83 S. E. 259; 232 U. S. 548; 25 Pa. Sup. Ct. 406; 192 U. S. 64.

See also, 31 N. J. Eq. 630; 41 Atl. 146; 37 *Id.* 438; 9 L. R. A. 556; 28 Am. Rep. 642; 28 Cyc. 388; 43 Atl. 620; 49 Mo. 401; 118 U. S. 356.

*James W Mehaffy,* City Attorney, for appellee.

Under the general ordinances as well as the franchise ordinance, the city has the right to supervise the erection and regulate the maintenance of poles and wires *within the city limits.* This includes the power to tax or license; the fee is not unreasonable and every presumption is indulged in favor of the validity of the ordinance. 88 Ark. 263; *Ib.* 353; Dillon on Mun Corp. (5

Ed.), § § 665, 1275; 72 Ark. 556; 25 L. R. A. 161, and note.

Power to regulate carries with it the power to license for a reasonable fee. Curtis on Electricity 247-8; 43 Ark. 82; 96 *Id.* 199; 88 *Id.* 265; Kirby's Digest, § 5461.

The fee is provided for in the franchise ordinance which appellant accepted. The right of the city and its power is settled. 101 Ark. 223; 70 *Id.* 221; 72 *Id.* 563; 52 *Id.* 301; Dillon, Mun. Corp. (5 Ed.), § 242-3; 64 Ark. 155; 72 *Id.* 562-5.

It was clearly the intention of the ordinance to tax or license every pole erected within the city limits. It is a valid exercise of the police power. 7 Cush. 85; 35 Ark. 355; 2 Am. & E. Ann. Cases 894-5; 18 Ark. 259.

### STATEMENT OF FACTS.

The City of Little Rock in May, 1916, commenced this action against the Mackay Telegraph & Cable Company to recover from it the sum of $461.25, with interest, alleged to be the total charges due from the defendant for the past four and one-half years on account of a license fee, by virtue of an ordinance to that effect, of 50 cents for each pole erected by the Telegraph Company within the corporate limits of the city.

Section 1 of the ordinance under which the license fee is taxed by the city reads as follows:

"That the right be, and the same is hereby granted to the Mackay Telegraph & Cable Company, its successors and assigns, to set poles, string wires and operate and maintain lines of telegraph, including all poles and guys, cables, wires and fixtures thereon, and the installation of underground ducts and manholes along and over certain streets in the City of Little Rock as follows, towit:

"The placing of underground ducts and the necessary manholes from the approach of the Free Bridge on Main street to a manhole at the intersection of Main and the alley between Markham and the river; from

Ashley street east in said alley to Scott street; thence south on Scott to East Second; thence east on East Second to McLean street. Also a line of poles and fixtures, and the right to string wires or cables thereon, beginning at the intersection of East Second street and Rector avenue and running thence on the west side of Rector avenue to East Sixth; thence east on the north side of Sixth to the Chicago, Rock Island & Pacific Railway tracks. From this point the pole line will follow on and along right-of-way of said railway to the south city limits.''

Section 3 reads as follows: ''Section 3. That the company shall pay to the city immediately upon the completion of said line, and on January 1, of each year thereafter, a license or tax of fifty cents for each pole erected or set up and a license or tax on all conduits constructed to an amount equal to four poles to each block. And said company shall comply with all ordinances hereafter passed in regard to the licenses or tax on poles, conduits or wires, either decreasing or increasing the same, that are general and applicable to all telegraph or telephone companies in said city. And said company agrees and consents to pay a license or tax on all its conduits displacing poles equalling the license or tax that is or may be imposed on the poles replaced by said conduits by general ordinances applying to all telegraph or telephone companies.''

At the time of the passage of this ordinance, there was already a general ordinance on the question as follows: ''Each telegraph, telephone, electric light or power company shall pay annually a sum equal to fifty cents for each pole used by them whether such poles are leased, rented or owned by them.'' There were also other sections of an ordinance making it the duty of the city electrician and of the city police to keep a watch over all such wires and to perform certain specified duties in regard to them. Inasmuch as the reasonableness of the

amount fixed by the ordinance in question is not questioned, we need only refer to these sections.

The defendant company offered to pay the license fee on the number of poles erected on the streets of the city but declined to pay for those erected on the right-of-way of the Chicago, Rock Island & Pacific Railway Company. Hence this law suit.

From East Second street and Rector avenue to East Ninth street the telegraph poles are erected in a thickly populated part of the city. The wires of the company cross East Ninth street where there is a street car line. It also crosses a turnpike at Fifteenth street and in that neighborhood there are several stores and quite a number of dwelling houses. It also crosses Sweet Home Pike and the Arch Street Pike; both of which are leading thoroughfares into the city of Little Rock. For the rest of the way where the poles are erected on the right-of-way of the railroad company the line runs through an unsettled portion of the city. Other facts will be stated or referred to in the opinion.

HART, J., (after stating the facts). In *Fort Smith* v. *Hunt,* 72 Ark. 556, the court held that a tax on an electric company for the use of its streets is valid so long as the amount exacted therefor is reasonable.

In *Atlantic & Pacific Telegraph Co.* v. *Philadelphia,* 190 U. S. 160, it was held that where telegraph companies engaged in interstate commerce, carry on their business so as to justify police supervision, the municipality is not obliged to furnish such supervision for nothing, but it may in addition to ordinary property taxation, subject the corporations to reasonable charges for the expenses thereof.

Numerous cases from the Supreme Court of the United States and from the courts of last resort of several of the states sustaining the validity of ordinances imposing taxes on telegraph and telephone companies for the use of the street where the amounts charged are

reasonable, may be found in a case note to 16 A. & E. Ann Cas., pp. 343 and 344.

It is not contended that the amount fixed in the ordinance is unreasonable and such could not be logically made when we consider the object sought to be accomplished by the ordinances, and the necessity which existed for local governmental supervision as well as the conditions which existed in the City of Little Rock and those which might reasonably be anticipated would exist in the future.

We may first consider whether or not the language of the ordinance granting the franchise to the defendant is broad enough to include a license tax upon the poles on the right-of-way of the railroad company. We are of the opinion that when the language of the section is considered together, that it is susceptible of the construction that it was the intention of the parties that the poles to be erected upon the railroad right-of-way should be included in the license fee mentioned in section 3 of the ordinance. Otherwise there would seem to have been but little use in designating that the pole line should follow on and along the right-of-way of the railroad to the south city limits. Little Rock is a large and growing city. The record shows that the line of the company as it was to be laid along the right-of-way of the railroad company would cross a street car line and several turnpikes coming into the city. It was highly necessary that there should be local governmental supervision of the lines across these highways for the necessary protection of the travelers along them. It was no doubt in contemplation of the parties that in a growing city like Little Rock, its streets and highways would at some time be laid out across the right-of-way of the railroad company and it would become necessary to enforce local governmental supervision over them. Hence we are of the opinion that from the language of the ordinance itself it was in contemplation of the parties that the defendant company

should pay a license tax of fifty cents for each pole erected within the corporate limits of the city.

The defendant's franchise ordinance took effect on the 18th day of March, 1912. The order extending the city limits was made on the 20th day of May, 1912. About thirty-five poles of the defendant company were brought into the city limits by the order extending the boundaries of the City of Little Rock.

It is earnestly insisted by counsel for the defendant that the ordinance granting the franchise to the defendant company could not embrace these thirty-five poles. But we do not agree with counsel in this contention. A city ordinance or a city contract designed for a city at large operates throughout its boundaries whatever their changes. Dillon on Municipal Corporations (5 Ed), Vol. 3, Sec. 1304; McQuillin on Municipal Corporations, Vol. 2, Secs. 656 and 846 and cases cited; *St. Louis Gas Light Co.* v. *St. Louis*, 46 Mo. 121; *Illinois Central Rd. Co.* v. *Chicago*, 176 U. S. 646, and *People* v. *Chicago Telephone Co.*, (Ill.), 77 N. E. 245.

Moreover at the time of the passage of the ordinance granting the franchise to the defendant company there was a general ordinance that provided that each telegraph, telephone or electric light or power company should pay annually a sum equal to fifty cents for each pole used by them whether such poles were leased, rented or owned by them. This was a general ordinance and applied to the poles of any telegraph company which might be brought within the city limits during its existence.

It follows that the judgment will be affirmed.